UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| KIMBERLY KITTS, | ) |
| Defendant. | ) |
|  | ) |

CRIMINAL NO.:

Violations:

Investment Adviser Fraud

Wire Fraud
(18 U.S.C. § 1343)

Aggravated Identity Theft
(18 U.S.C. § 1028A)

Criminal Forfeiture Allegation
(18 U.S.C. §§ 981(a)(1)(C)
 & 28 U.S.C. § 2461)

INFORMATION

The United States Attorney charges that:

General Allegations

At all times relevant to this Information:

1.     The defendant, KIMBERLY KITTS, was an investment adviser who resided in Orleans, Massachusetts, and worked at a financial services firm (the "Financial Services Firm") until she was terminated by the firm on or about November 15, 2017.

2.     KITTS was in the business of providing investment advice to, and managing the funds of, individual investors, and was an investment adviser within the meaning of Section 202(a)(11) of the Investment Advisers Act, 15 U.S.C. § 80b-2(A)(11).  In addition to her employment with the Financial Services Firm, KITTS operated a purported financial consulting business under the name Marquis Consulting, LLC ("Marquis Consulting").  KITTS opened a

bank account in the name of Marquis Consulting at a bank in Massachusetts ("Marquis Consulting Account").

3.      Clients A, B and C were clients of the Financial Services Firm who fell victim to the fraud scheme set forth in this Information.  KITTS was their investment advisor.  Client A was a client of KITTS for approximately seven years.  Clients B and C are a retired couple who were clients of KITTS for approximately 12 years.

### The Scheme To Defraud

4.      Beginning at least in or about 2011, KITTS engaged in a scheme to misappropriate assets from her clients' variable annuity and brokerage accounts.  As part of the scheme, KITTS directed the clients' assets to the Marquis Consulting Account that she controlled, and then used the money in the Marquis Consulting Account to pay her personal expenses.    In so doing, KITTS—who falsely represented to several of her clients that, among other things, she was a Certified Public Accountant and held a Ph.D. in economics—exploited her fiduciary relationships with clients, made intentional misstatements to them and to others, and otherwise engaged in deceptive conduct to conceal her wrongdoing.

*Misappropriation of Clients' Variable Annuity Funds*

5.      Some of KITTS's advisory clients, including Clients B and C, held variable annuities.  A variable annuity is a contract between an investor and an insurance company, pursuant to which the insurance company agrees to make periodic payments to the investor, beginning either immediately or at some future date.

6.      From in or about and between July 2011 and June 2013, KITTS made unauthorized withdrawals from the variable annuities of six of her advisory clients (collectively, "the Annuity Clients"), including Clients B and C.  KITTS submitted withdrawal forms to two

insurance companies on which she forged her clients' signatures and directed the funds to the

Marquis Consulting Account for her personal use. In total, KITTS made at least 24 such

unauthorized withdrawals of client funds totaling approximately $962,654.

*Misappropriation of Clients' Brokerage Account Funds*

7.      In or about June 2013, KITTS began stealing money from the brokerage accounts

of Clients A, B and C.

8.      For example, on or about June 24, 2013, KITTS forged Client A's signature on a

form instructing the Financial Services Firm to wire $75,000 from Client A's brokerage account,

held at a bank in New Jersey, to the Marquis Consulting Account in Massachusetts, purportedly

"for further credit" to Client A. KITTS did not, in fact, intend to "credit" these funds to Client

A, nor did she in fact do so. Instead, she used the money for her own personal purposes.

9.      After the initial $75,000 transfer of Client A's funds, KITTS submitted several

additional wire requests on which she forged Client A's signature. In or about November 2013,

KITTS established standing authorization with the Financial Services Firm to allow her to

verbally request a transfer of funds from Client A's brokerage account to her Marquis Consulting

Account.

10.     In 2013, KITTS transferred approximately $355,637 from Client A's brokerage

account to her Marquis Consulting Account, without Client A's knowledge or authorization.

11.     Over the next four years, KITTS continued to transfer funds from Client A's

brokerage account to the Marquis Consulting Account, without Client A's knowledge or

authorization, in the following amounts: approximately $763,000 in 2014; approximately

$357,250 in 2015; approximately $530,000 in 2016; and approximately $9,000 in 2017. In total,

from in or about and between 2013 and 2017, KITTS made at least 56 unauthorized withdrawals, and thereby misappropriated approximately $2,014,887 from Client A's brokerage account.

12.     By early 2017, after Client A's funds were nearly depleted from Client A's brokerage account, KITTS began stealing funds from the brokerage account of Clients B and C. In or about May 2017, KITTS forged a written request for a $125,000 check from the brokerage account of Clients B and C, payable to Marquis LLC. Clients B and C's brokerage account was located in New Jersey. KITTS deposited this check into her Marquis Consulting Account. Shethereby caused $125,000 to be wired to her Marquis Consulting Account in Massachusetts from Client B and C's brokerage account in New Jersey.

*Withdrawing Money from Client B's Retirement Account*

13.     In or about June 2017, KITTS advised Client B that Client B should move $200,000 from Client B's individual retirement account ("IRA") to the managed cash account she shared with Client C, in order to pay taxes. KITTS thereby tricked Client B into signing signature pages for IRA distributions, while concealing the directions for delivery of the funds. Unbeknownst to Clients B and C, KITTS directed the $200,000 distribution to the Marquis Consulting Account.

*Attempt to Cover-Up the Misappropriations*

14.     In or about August 2017, the Financial Services Firm initiated an investigation of KITTS, and requested that KITTS provide monthly statements from her personal bank accounts and the Marquis Consulting Account.  To hide evidence of the unauthorized withdrawals from Client A's brokerage account, KITTS altered the Marquis Consulting Account statements to disguise the source and amounts of the deposits into that account.

4

Case 1:18-cr-10325-DJC   Document 1   Filed 09/18/18   Page 5 of 11


15.     In addition, KITTS falsely told the Financial Services Firm that Marquis, LLC was created by Client A and operated by Client A as a sole proprietorship.  In fact, Marquis, LLC, was a non-existent company.  KITTS also created fake Schedule C tax forms for Marquis, LLC and emailed them to the Financial Services Firm.

16.     In total, KITTS misappropriated approximately $3,085,939 from her clients at the Financial Services Firm.

## COUNT ONE
Investment Adviser Fraud)
(15 U.S.C. § 80b-6)

17.     The United States Attorney re-alleges and incorporates by reference paragraphs 1

through 16 of this Information, and further charges that:

18.     At various times in or about and between 2011 and November 2017, in the

District of Massachusetts and elsewhere, the defendant,

## KIMBERLY KITTS,

being an investment adviser, by use of the mails and instrumentalities of interstate commerce,

directly and indirectly, did willfully (1) employ a device, scheme, and artifice to defraud clients;

(2) engage in a transaction, practice, and course of business that operated as a fraud and deceit

upon clients; and (3) engage in an act, practice, and course of business that was fraudulent,

deceptive, and manipulative.

All in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

6

## COUNTS TWO THROUGH FIVE
### Wire Fraud
### (18 U.S.C. § 1343)

19.    The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 16 of this Information, and further charges that:

20.    On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

### KIMBERLY KITTS,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice, as follows:

| Count No. | Date (on or about) | From | To | Item |
|---|---|---|---|---|
| 2 | 6/25/2013 | Financial Consulting Firm Account, NJ | Marquis Acct, TD Bank, MA | Wire transfer of $75,000 from account of Client A to Marquis Consulting Account |
| 3 | 7/2/2013 | Financial Consulting Firm Account, NJ | Marquis Acct, TD Bank, MA | Wire transfer of $87,500 from account of Client A to Marquis Consulting Account |
| 4 | 10/4/2013 | Financial Consulting Firm Account, NJ | Marquis Acct, TD Bank, MA | Wire transfer of $50,000 from account of Client A to Marquis Consulting Account |
| 5 | 5/22/2017 | Financial Consulting Firm Account, NJ | Marquis Acct, TD Bank, MA | Wire transfer of $125,000 from account of Clients B and C to Marquis Consulting Account |

All in violation of Title 18, United States Code, Sections 1343

7

## COUNT SIX
### Aggravated Identity Theft
### (18 U.S.C. § 1028A)

21.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 16 of this Information, and further charges that:

22.     On or about May 22, 2017, in the District of Massachusetts and elsewhere, the defendant,

### KIMBERLY KITTS,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the names and brokerage account number of Clients B, during and in relation to the crime of wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Five of this Information..

All in violation of Title 18, United States Code, Sections 1028A.

8

## FORFEITURE ALLEGATION

23.     Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Section 1343, as set forth in Counts Two through Five of this Information, the

defendant,

### KIMBERLY KITTS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C)

and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from,

proceeds traceable to the commission of the offenses, including but not limited to the sum of at

least $3,085,939, which represents the approximate proceeds the defendant obtained as a result

of the of the offenses.

24.     If any of the property described in paragraph 23 hereof as being forfeitable

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a

result of any act or omission of the defendant,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided
          without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code Section 2461(c),

incorporating Title 21, United States Code Section 853(p), to seek forfeiture of all other property

of the defendant up to the value of the property described in paragraph 23 above.

9

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

ANDREW E. LELLING
United States Attorney
District of Massachusetts

By:

Sara Miron Bloom
Assistant U.S. Attorney

Date: September 18, 2018