UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **FILED UNDER SEAL** |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-CR-10325-001-DJC |
| ) | |
| KIMBERLY KITTS, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' EMERGENCY MOTION FOR A WRIT AND RESTRAINING ORDER UNDER THE ALL WRITS ACT

The United States files this emergency motion for a writ and restraining order under 28 U.S.C. §1651(a) (the "All Writs Act") to prevent the defendant, Kimberly Kitts (the "Defendant"), her spouse, if any, representatives, attorneys, agents, family members, nominees, alter egos (companies), business partners, assigns, and any other person with actual knowledge of the writ and restraining order, from alienating, dissipating, transferring, selling, assigning, leasing, pledging, encumbering, disposing, concealing, moving, or attempting or completing any action that would affect or diminish the marketability or value of, Defendant's real or personal property. The United States has learned that the Defendant, who has pleaded guilty and is awaiting sentencing, is in possession of assets that may be subject to dissipation in the near future and prior to sentencing. The United States seeks the restraint of Defendant's assets so that they are available for application toward imminent restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §3663A. The United States does not include in its

proposed restraining order any property necessary for the payment of normal monthly living expenses.[1]

## FACTUAL BACKGROUND

### A. The Criminal Proceedings

On September 18, 2018, an Information was filed against the Defendant. (Doc. No. 1). According to the Information, beginning at least in or about 2011, the Defendant, "engaged in a scheme to misappropriate assets from her clients' variable annuity and brokerage accounts." *See* Information, ¶4. In or about August 2017, the Defendant's employer (the "Financial Services Firm") began investigating the Defendant for misappropriating approximately $3,085,939.00 from her clients at the Financial Services Firm. *See* Information, ¶14, 16 (Doc. No. 1). The Defendant's victims included an individual who had been her client for 7 years and a retired couple who had been her client for twelve years. *See* Information ¶ 3. On November 19, 2018, the Defendant waived indictment and pled guilty to one count of Investment Adviser Fraud in violation of 15 U.S.C. §80(b), four counts of Wire Fraud in violation of 18 U.S.C. §1343, and one count of Aggravated Identity Theft in violation of 18 U.S.C. §1028A. *See* Waiver of Indictment (Doc. No. 17). Sentencing is currently scheduled for March 20, 2019. (Doc. No. 18). The total anticipated amount for restitution owed by Defendant is $3,085,939.00. Although this restraining order is not sought for the purpose of preserving assets for forfeiture, the United States also anticipates seeking a forfeiture money judgment against Defendant.

---

[1] "Normal Monthly Living Expenses" is defined as those expenses that are necessary to provide for the Defendant's, her spouse's or her dependents' health, welfare, and/or production of income, including housing and utilities; food; housekeeping supplies; apparel; personal care products; necessary out-of-pocket health care expenses such as medical services, prescription drugs, and medical supplies; and transportation.

The maximum penalties for Defendant's conduct are as follows:

(1) Investment Adviser Fraud in violation of 15 U.S.C. § 80(b): incarceration for five years; supervised release for three years; a fine of $250,000 or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

(2) Wire Fraud in violation of 18 U.S.C. § 1343: incarceration for twenty years; a five year term of supervised release; a fine of $250,000 or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

(3) Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A: a mandatory term of incarceration of two years, which shall not be concurrent with any other term of imprisonment imposed under any other provision of law; one year of supervised release; a special assessment of $100, restitution; and forfeiture to the extent charged in the Information.

### B.  The Defendant's Assets

Restitution is mandatory to victims of offenses against property, including any offense committed by fraud or deceit, and restitution must be ordered "to each victim in the full amount of the victim's losses as determined by the court without consideration of the economic circumstances of the defendant." *See* 18 U.S.C. §§ 3663A(c)(1)(A)(ii) and 3664(f)(1)(A). Over the course of the scheme, the Defendant misappropriated approximately $3,085,939.00 from her clients at the Financial Services Firm. *See* Information, ¶16 (Doc. No. 1).

Based on its financial investigation to date, the United States believes that the Defendant owns various assets, either individually or jointly. These assets include real property located at 48 Quanset Road, Orleans, Massachusetts 02653, two watercraft vessels, identified as Hull ID# RBV000821277 and Hull ID# EKH01193H001, a 2005 Winnebago Workhorse W22 motorized home, a 2018 BMW X5, and a $10,000.00 unsecured appearance bond. In addition, the

Defendant is owed $20,000.00 by a third party as part of a pending claim.

Upon information and belief, the Defendant has placed the real property located at 48 Quanset Road, Orleans, Massachusetts 02653 (the "Real Property") on the market for sale. Given the potential marketing of one asset for sale and that the mandatory restitution in this case will likely exceed $3,085,939.00, all of the Defendant's assets should be restrained to preserve them for restitution, except for reasonable and necessary living expenses or as otherwise ordered by the Court. While the United States has no objection in principle to the sale of the Real Property, or any other asset, in order to ensure that the value of such assets is available to pay restitution to the victims, the United States requests that (1) the Defendant obtain the consent of the United States or an order of this Court prior to any sale to ensure adequate safeguards are established to prevent sales transactions for less than fair market value, and (2) that the net proceeds of the sale be paid over to the Clerk of the Court for application towards expected unpaid restitution obligations.

Federal courts have recognized the authority of a district court under the All Writs Act to restrain a defendant's assets to give effect to and enforce the court's restitution order by preserving assets to satisfy it, and to bind the Defendant and any person or entities acting in concert with her to the terms of the restraining order.

## ARGUMENT

The Defendant is in possession of non-exempt assets, including assets held in her own name or that may be held in the name of alter egos and/or nominees, that should be applied to the restitution that will be imposed at sentencing. Consequently, the United States hereby moves for an order: (1) preventing the Defendant and anyone acting on her behalf, or with actual

4

knowledge of the resulting writ and restraining order, from alienating, concealing, or taking any action that would diminish the marketability or value of Defendant's real and personal property without the consent of the United States Attorney's Office or an order of this Court; (2) authorizing the United States to record a notice of *lis pendens* on any real property in which the Defendant or any of her alter egos or nominees has an interest; (3) in order to ensure that the value of any non-exempt assets is available to pay restitution to the victims, directing the Defendant to remit the proceeds from any sale of any property to the Clerk of the Court to be held in escrow pending further order of this Court; and (4) permitting the filing of any other documents to ensure that real and personal property are preserved for the restitution expected to be imposed at sentencing. The purpose of this request is to ensure that the Defendant's assets are preserved and still available for payment of restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

Pursuant to the MVRA, the United States Attorney General is responsible for enforcing restitution orders. 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). The United States may enforce a judgment imposing a fine or restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law including pursuant to the Federal Debt Collection Procedures Act (the "FDCPA"), 28 U.S.C. § 3001, et. seq. *See* 18 U.S.C. §§ 3613(a), 3613(f) and 3664(m)(1)(A). Without a court order, the United States does not currently have the procedural tools necessary to restrain or freeze the Defendant's non-forfeitable assets. The FDCPA tools for enforcing a criminal judgment cannot be employed before a restitution judgment has been entered by the Court.

This Court, however, has the authority to immediately restrain the Defendant's assets. The All Writs Act empowers the Court to issue orders that are necessary to prevent obstruction of justice and interference with the Court's jurisdiction and ability to enforce its lawful decisions. In pertinent part, the All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act expressly preserves this inherent authority. *See In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) ("[a]n important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction."). "This power is organic, without the need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). The Fifth Circuit has explained that "the All Writs Act ... provide[s] a federal court with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). It supplements the Court's "inherent authority" to "fashion an appropriate sanction for conduct which abuses the judicial process." *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

The authority conferred by the All Writs Act includes the authority to issue orders to restrain or preserve assets to maximize the recovery of mandatory restitution. *See, e.g., United States v. Catoggio,* 698 F.3d 64, 66 (2d Cir. 2012) (holding that a district court may exercise its authority under the All Writs Act to restrain a convicted defendant's funds in anticipation of

sentencing); *United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011) (in upholding restraining order pending a future order of restitution, agreeing "that a sentencing court has jurisdiction to enforce its restitution order and may use the All Writs Act, when necessary and appropriate, to prevent the restitution debtor from frustrating collection of the restitution debt."); *United States v. Simmons*, 2008 WL 336824, *1 (E.D. Wis. Feb. 5, 2008) (issuing restraining order on assets under All Writs Act in advance of sentencing and noting "[d]istrict courts have under the [All Writs] Act issued restraining orders to ensure the availability of funds for restitution and other court-ordered financial obligations."); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 600 (E.D.Va. 2004) (issuing restraining order on assets under All Writs Act since "there was reason to believe that the restraining order was necessary to ensure the future availability of defendant's property to satisfy restitution."); *United States v. Numisgroup Intl. Corp.*, 169 F. Supp. 2d 133, 138 (E.D.N.Y. 2001) (issuing restraining order on assets under All Writs Act in advance of sentencing and holding "[b]ecause sentencing and a substantial order of restitution is imminent...in the Court's view, its authority to restrain [assets] in anticipation of the order of restitution is not precluded...."); *United States v. Ross*, 1993 WL 427415, *1 (S.D.N.Y. Oct. 15, 1993) (issuing restraining order on assets under All Writs Act in advance of sentencing and imposition of restitution and holding "there is no logic to the position that the Court is powerless to enter a restraining order [on assets] after a jury has found a defendant guilty...simply because sentencing has been delayed so that a presentence report may be prepared."); *United States v. Gates*, 777 F. Supp. 1294, 1295 (E.D. Va. 1991) ("[i]n 'freezing' defendant's assets, the court was merely assuring that assets available at the time of conviction

would remain so until sentencing, so that the court could properly assess costs and fines under the sentencing guidelines and applicable statutes").

Despite not yet having issued a restitution order against the Defendant, the Court is not powerless to prevent her from transferring assets or funds or property beyond the jurisdiction of the Court. *Gates*, 777 F.Supp. at 1295. Otherwise, the Court would not have any ability to impose a proper sentence under the guidelines and to comply with the intent and mandate of Congress for the payment of criminal monetary penalties. *Id.* at n.7. And the United States would be frustrated from satisfying its duty to ensure that crime victims receive full and timely restitution as provided in law. 18 U.S.C. § 3771(a)(6).

Given that the Defendant has already pled guilty, the Court is well within its power to enter an order restraining her from disposing or transferring her assets. *United States v. Sullivan*, 2010 WL 547243, 1, 6-8 (E.D.N.C. 2010). She is no longer "bathed with the presumption of innocence" and the Court has the power to restrain assets between the time of conviction and time of sentencing so that assets are available to be applied towards the forthcoming restitution order. *Numisgroup Intl. Corp.*, 169 F. Supp. 2d at 138.

Based on its financial investigation to date, the United States has determined that the Defendant does not possess assets sufficient to fully satisfy the imminent restitution order. Defendant's current assets must therefore be preserved. If the United States is to be the instrument of any meaningful financial recovery for the victims of the Defendant's crime, as Congress envisioned in the MVRA, an order restraining asset dissipation is critical. *See, e.g., Abdelhadi*, 327 F. Supp. 2d at 600 (issuing restraining order on assets when there was "a reasonable likelihood that defendant would (i) fail to pay restitution and/or (ii) make efforts to

transfer, sell, or dispose of assets...." and allowing government to file *lis pendens* where necessary to ensure availability of property to satisfy restitution order); *Numisgroup*, 169 F. Supp. 2d at 138 (issuing restraining order on assets based on, *inter alia*, defendant's "representation that he has virtually no assets at his disposal" to pay judgment); *Ross*, 1993 WL 427415, *1 (issuing restraining order on assets when "there is a real question as to whether or not [defendant] currently has sufficient liquid assets to satisfy any judgment of restitution ordered by the Court.").

Finally, the entire statutory scheme governing restitution enforcement contemplates overall judicial supervision and exercise of inherent plenary authority to issue any orders necessary to effectuate collection of restitution on behalf of crime victims. *See, e.g.*, 28 U.S.C. § 3003(c)(7) (Federal Debt Collection Procedures Act (FDCPA) allows court "any inherent authority...to provide injunctive relief"); 28 U.S.C. § 3202(a) (FDCPA allows court to issue writs under All Writs Act, 28 U.S.C. § 1651, as necessary to support collection of restitution); 28 U.S.C. § 3013 (FDCPA allows court to extend or modify use of enforcement procedure for collection of restitution); 18 U.S.C. § 3613A(a)(1) (MVRA allows court to enter a restraining order or injunction for defaulted restitution obligations); 18 U.S.C. § 3664(f)(3) (MVRA provides Court with authority to order lump-sum payment of restitution at sentencing based on asset report of probation); 18 U.S.C. § 3664(m)(1)(A)(ii) (MVRA provides that United States shall enforce restitution by "all available and reasonable means."). But as one district court wisely noted:

> While these various remedies available to the government and the victim may, in the fullness of time, play a role in assuring that restitution is paid, none can be instantly implemented and none ensures that, in the interim, defendant's assets will not be secreted, wasted or placed beyond the reach of the victim or the

9

> government. In short, none reasonably ensures the effectiveness of the Court's restitution order by ensuring that defendant's assets are not wasted or secreted. Only the restraining order can serve this function and hence, this is the reason it issued.

*Abdelhadi*, 327 F. Supp. 2d at 601. Without a restraining order, there is nothing to prevent the Defendant from dissipating assets or otherwise secreting, wasting or placing them beyond the reach of her victims or the United States. In other words, there is nothing that reasonably ensures the effectiveness of this Court's restitution order at this stage of the case other than a restraining order pursuant to the All Writs Act.

## GROUNDS FOR EMERGENCY RELIEF

The United States seeks emergency relief because, upon information and belief, the Defendant has placed the real property located at 48 Quanset Road, Orleans, MA on the market for sale and has other assets that can be readily transferred or liquidated.

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court enter the attached proposed order: (1) restraining the sale of real or personal property without the consent of the United States or order of this Court; (2) authorizing the United States to record a notice of *lis pendens* on any real property in which the Defendant or any of her alter egos or nominees has an interest; (3) directing the Defendant to remit the proceeds from any sale of the property to the Clerk of the Court to be held in escrow pending until further order of this Court; and (4) authorizing any other action necessary to ensure that real and personal property

are preserved for restitution expected to be imposed at sentencing.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | UNITED STATES OF AMERICA<br>By its attorneys |
|  | ANDREW E. LELLING<br>United States Attorney |
| Date: January 18, 2019   By: | /s/ Raquelle L. Kaye<br>Raquelle L. Kaye<br>Assistant United States Attorney<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Tel. No. (617) 748-3403<br>raquelle.kaye@usdoj.gov |