UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-CR-10325-001-DJC |
| | ) |
| KIMBERLY KITTS, | ) |
| | ) |
| Defendant. | ) |

## WRIT AND RESTRAINING ORDER

Upon consideration of the United States' Emergency Motion for a Writ and Restraining Order under the All Writs Act, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that Kimberly Kitts (the "Defendant"), as well as the Defendant's representatives, attorneys, agents, family members, nominees, alter egos (companies), custodians, assigns, and any other person or entity holding any property on the Defendant's behalf, any person with actual knowledge of this order, or with the authority to act on the Defendant's behalf (the "Restrained Parties") shall fully comply with the terms of this Order and shall not take any actions prohibited by this Order; and it is further

ORDERED that compliance with the terms of this Order requires that the Restrained Parties shall not engage in the following:

    a.    Except for payment of Normal Monthly Living Expenses[1] from already liquid accounts, directly or indirectly alienate, liquidate, dissipate, transfer, sell, assign,

---

[1] "Normal Monthly Living Expenses" is defined as those expenses that are necessary to provide for the Defendant's, her spouse's or her dependents' health, welfare, and/or production of income, including housing and utilities; food; housekeeping supplies; apparel; personal care products; necessary out-of-pocket health care expenses such as medical services, prescription drugs, and medical supplies; and transportation. *See* http://www.irs.gov/Individuals/Collection-Financial-Standards for more detailed guidance.

lease, pledge, encumber, loan, convert, conceal, spend, withdraw or otherwise dispose of any funds, real or personal property or other assets[2] or any interest therein, wherever located, in any manner without prior approval of this Court, including any assets outside the United States which are:

　　i. in the actual or constructive possession of the Defendant;

　　ii. owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belong to the Defendant; or

　　iii. in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly under the control of the Defendant.

　　iv. The provisions of this section shall also apply to, but not be limited to, the following identified assets owned by the Defendant and/or her alter egos and/or nominees:

　　　　a. 48 Quanset Road, Orleans, MA 02653;
　　　　b. Watercraft vessel Hull ID# RBV000821277;
　　　　c. Watercraft vessel Hull ID# EKH01193H001;
　　　　d. 2005 Winnebago Workhorse W22 motorized home;
　　　　e. 2018 BMW X5;
　　　　f. $10,000.00 unsecured appearance bond;
　　　　g. $20,000.00 owed to Defendant in pending claim.

b.　Take, or cause to be taken, any action which could have the effect of concealing or moving the property from the jurisdiction of this Court.

c.　Take or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of any property whether real or personal.

---

[2] The term "property" and "asset" as used in this Order shall mean any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, monies, escrow and bank accounts, retirement accounts, 401(k) accounts, IRA accounts, life insurance policies and all cash, wherever located and shall include both existing assets and assets acquired after the date of entry of this Order.

With respect to any property that "Defendant" has an interest in, the definition shall include such property whether owned individually, as joint tenants, as joint tenants with rights of survivorship, as community property, as property held by tenants in the entirety, or any other form of ownership or type of interest, including as trustee, beneficiary, settlor, heir or distributee.

and it is further

ORDERED that the funds, property, and assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order, including without limitation, those acquired by inheritance, loan or gift; and it is further

ORDERED that the Defendant shall hold all assets, including without limitation payments, inheritances, loans and gifts received after service of this Order; and it is further

ORDERED that the United States is hereby authorized to file a *lis pendens* wherever the Defendant is believed to have a property interest of any kind; and it is further

ORDERED that until the time of sentencing the total asset restraint specified in this Order shall only affect assets not to exceed $3,085,939.00 in fair market value and, thereafter, the amount of the unpaid assessment, fine or restitution. The Defendant may move for an amended restraining order for cause.

ORDERED that this Order shall remain in full force and effect, unless modified by this Court, including by the forfeiture of any otherwise restrained assets or real property, until the Defendant has satisfied all assessments, fines and restitution ordered by the Court in the above-captioned case or until further order from this Court.

Date: _____                    _____
                                                Denise J. Casper
                                                United States District Judge