UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 18-10325-DJC |
| ) | |
| KIMBERLY KITTS, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**CASPER, D.J.**

WHEREAS, on September 18, 2018, the United States Attorney for the District of Massachusetts filed a six-count Information, charging defendant Kimberly Kitts (the "Defendant") with Investment Adviser Fraud, in violation of 15 U.S.C. § 80b-6 (Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Five); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Six);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Two through Five of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not limited to the sum of at least $3,085,939, which represents the approximate proceeds that defendant obtained as a result of offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on November 19, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Six of the Information;

WHEREAS, during the hearing, the United States gave a recitation of the facts, referenced the Properties being forfeited, and how the money judgment amount constitutes proceeds traceable to the commission of the offenses, and the Defendant did not object;

WHEREAS, based on the Defendant's guilty plea on November 19, 2018, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $3,085,939 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $3,085,939 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 15 U.S.C. § 80b-6, and 18 U.S.C. §§ 1343 and 1028A; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $3,085,939 in United States currency, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal

Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

                                                                    DENISE J. CASPER
                                                                    United States District Judge

Dated: _____